**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| CHE FLUELLEN, | |
| Plaintiff, | CIVIL ACTION |
| v. | FILE NO. 1:24-cv-03852-TRJ |
| CRITICAL FINANCING INC., | |
| Defendant. | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Critical Financing Inc. ("CFI"), through undersigned counsel, files its answer and defenses to Plaintiff Che Fluellen's complaint (Doc. 3) and states as follows:

Responding to the numbered paragraphs of the complaint according to the complaint's labeled sections, Defendant answers as follows:

**INTRODUCTION**

1. Paragraph 1 contains a characterization of the nature of this action and legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports to bring an action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, and denies that Defendant has violated the TCPA or any other law, denies that Plaintiff is entitled to any relief, and denies the remaining allegations of Paragraph 1.

## JURISDICTION AND VENUE

2. Paragraph 2 states legal conclusions to which no response is required. To the extent a response is required, Defendant does not contest that this Court has subject-matter jurisdiction over the federal claim pleaded in the Complaint pursuant to 28 U.S.C. § 1331.

3. Paragraph 3 states legal conclusions to which no response is required. To the extent a response is required, Defendant does not contest venue in this District for purposes of this action, while expressly reserving all defenses under Federal Rule of Civil Procedure 12(b), including those related to service of process and personal jurisdiction. Defendant denies any remaining factual allegations of Paragraph 3.

## PARTIES

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 regarding Plaintiff's residence and therefore denies the same. Defendant affirmatively avers that Plaintiff transacted with Defendant as the operator of a commercial motor-carrier business, and that the telephone number and email address Plaintiff provided were used in connection with that commercial enterprise.

5. Defendant admits that CFI, Critical Financing Inc. is a corporation with its principal place of business in Farmingdale, New York. Defendant denies any remaining allegations of Paragraph 5.

## FACTUAL ALLEGATIONS

6. Defendant denies the allegations of Paragraph 6. Defendant specifically denies that any text messages it or its agents sent to Plaintiff were "unsolicited" within the meaning of the TCPA or applicable Georgia law, and demands strict proof of the number, dates, and content of any messages alleged.

7. Defendant denies the allegations of Paragraph 7. Defendant affirmatively avers that Plaintiff submitted his contact information—including the telephone number at issue—to a commercial lead-generation platform through which he solicited commercial financing from lenders, including Defendant, thereby providing prior express consent to be contacted by Defendant regarding that inquiry.

8. Defendant denies the allegations of Paragraph 8. Defendant specifically denies that any conduct by it or its agents was willful, knowing, or in disregard of any applicable law, and further denies that Plaintiff was a "Georgia consumer" within the meaning of any statute Plaintiff purports to invoke.

9. Defendant admits only that Plaintiff sent to Defendant a document dated August 10, 2024, styled as a demand letter, the contents of which speak for themselves. Defendant denies any remaining allegations of Paragraph 9, including the characterization of the letter's contents.

## COUNT I – ALLEGED VIOLATION OF THE TCPA, 47 U.S.C. § 227

10. Defendant incorporates by reference its responses to the preceding paragraphs.

11. Defendant denies the allegations of Paragraph 11.

12. Paragraph 12 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any award of statutory damages under 47 U.S.C. § 227(b)(3)(B) or otherwise.

13. Paragraph 13 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any enhanced or trebled damages under 47 U.S.C. § 227(b)(3)(C) or otherwise.

**COUNT II – ALLEGED VIOLATION OF GEORGIA STATE LAWS**

14. Defendant incorporates by reference its responses to the preceding paragraphs.

15. Defendant denies the allegations of Paragraph 15. Defendant further avers that the Georgia statutes cited by Plaintiff do not provide a private right of action for the claims alleged and do not apply to the commercial solicitations at issue in this case.

16. Paragraph 16 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any damages or penalties under any Georgia statute.

**RESPONSE TO PRAYER FOR RELIEF**

Defendant denies that Plaintiff is entitled to any of the relief requested in subparagraphs A–F of the Prayer for Relief, or to any other relief whatsoever, under any theory at law or in equity. Defendant respectfully requests that this

Court enter judgment in Defendant's favor and against Plaintiff on all claims, with costs and attorneys' fees taxed against Plaintiff.

Except as expressly admitted, denied, or otherwise responded to, Defendant denies all allegations contained in Plaintiff's complaint.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations of the Complaint, and without assuming any burden of proof that does not otherwise rest upon it, Defendant asserts the following separate and additional defenses. Defendant reserves the right to amend this Answer to assert additional defenses as further information becomes available through investigation and discovery.

### FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff provided prior express consent to receive the communications at issue by voluntarily submitting his contact information, including the telephone number in question, to a commercial lead-generation platform from which Defendant obtained the lead for the purpose of being contacted regarding commercial financing products offered by Defendant and similar lenders.

### THIRD DEFENSE

To the extent Plaintiff's claims require prior express written consent under the TCPA and its implementing regulations, 47 C.F.R. § 64.1200(a)(2), Plaintiff

provided such consent through the commercial lead-generation platform referenced above.

**FOURTH DEFENSE**

The communications at issue were directed to Plaintiff in his capacity as the operator of a commercial motor-carrier and trucking business, on a telephone number and email address Plaintiff supplied in connection with that business in order to solicit commercial financing. Such business-to-business communications fall outside the scope of 47 U.S.C. § 227(c) and its implementing regulations governing telephone solicitations to residential subscribers.

**FIFTH DEFENSE**

The text messages alleged in the Complaint were not sent using an "automatic telephone dialing system" as that term is defined in 47 U.S.C. § 227(a)(1) and construed by the Supreme Court in *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163 (2021), and did not use an artificial or prerecorded voice.

**SIXTH DEFENSE**

To the extent applicable, an established business relationship existed between Defendant and Plaintiff arising from Plaintiff's inquiry into commercial financing products offered by Defendant, which permits the communications at issue.

**SEVENTH DEFENSE**

Text messages sent to Plaintiff contained a clear and conspicuous opt-out mechanism that Plaintiff failed to exercise at any time, negating any inference that

the communications were unwelcome and negating willfulness or knowledge for purposes of enhanced damages under 47 U.S.C. § 227(b)(3)(C).

**EIGHTH DEFENSE**

Defendant at all relevant times acted in good faith, in reliance on consents obtained from Plaintiff through the commercial lead-generation platform and on its reasonable internal policies and procedures designed to comply with the TCPA and applicable regulations. Any alleged violation was not willful or knowing within the meaning of 47 U.S.C. § 227(b)(3)(C).

**NINTH DEFENSE**

Plaintiff has not suffered a concrete and particularized injury-in-fact fairly traceable to any conduct of Defendant and redressable by this Court, and therefore lacks standing under Article III of the United States Constitution. *See TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021).

**TENTH DEFENSE**

The statutory damages sought by Plaintiff, if aggregated as demanded, would be grossly disproportionate to any actual harm suffered and would violate the Due Process Clause of the Fifth Amendment to the United States Constitution under the principles articulated in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003) and *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996).

**ELEVENTH DEFENSE**

Plaintiff's claims under purported Georgia telemarketing and do-not-call statutes fail because no such statute provides a private right of action for the

conduct alleged, and because the statutes Plaintiff cites do not apply to the business-to-business commercial solicitations at issue in this case.

**TWELFTH DEFENSE**

Plaintiff's state-law claims are preempted, in whole or in part, by federal law to the extent they impose liability for conduct permitted by or consistent with the TCPA and its implementing regulations.

**THIRTEENTH DEFENSE**

Plaintiff failed to mitigate any alleged damages.

**FOURTEENTH DEFENSE**

Any alleged violation of the TCPA or applicable state law was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

**FIFTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and unclean hands based on Plaintiff's own conduct in submitting his contact information to a commercial lead-generation platform and subsequently seeking statutory damages for communications he invited.

**SIXTEENTH DEFENSE**

Any alleged violation of the TCPA or applicable state law was caused, in whole or in part, by the acts or omissions of third parties over whom Defendant had no control, including but not limited to the lead-generation platform through which Plaintiff submitted his contact information.

**SEVENTEENTH DEFENSE – RESERVATION OF DEFENSES**

Defendant reserves the right to assert any additional defenses that may become known to it during the course of their investigation, discovery, or otherwise.

WHEREFORE, Defendant CFI, Critical Financing Inc., having fully listed its defenses and having fully answered the complaint, Defendant respectfully requests that this Court:

A. Enter judgment in Defendant's favor and against Plaintiff on all counts of the complaint;

B. Dismiss the complaint with prejudice;

C. Award Defendant its costs of suit and reasonable attorneys' fees as permitted by law; and

D. Grant such other and further relief as the Court deems just and proper.

[continued next page]

**JURY DEMAND**

Defendant demands a trial by jury on all issues so triable.

Respectfully submitted this 4th day of May 2026.

**THRIFT MCLEMORE**

*/s/ Brad Fallon*
Brad Fallon
Georgia Bar No. 226335
Fallon Law PC
Matthew P. Collins
Georgia Bar No. 178626

1000 Parkwood Circle SE, Suite 950
Atlanta, Georgia 30339
678.882.0830 | Fax 678.669.1518

bfallon@thriftlegal.com
mcollins@thriftlegal.com

*Counsel for Defendant Critical Financing Inc.*

## CERTIFICATE OF COMPLIANCE

This document was prepared using 13-point Book Antigua font in accordance with LR 5.1 and LR 7.1, NDGa.

Dated: May 4, 2026

**THRIFT MCLEMORE**

*/s/ Brad Fallon*

Brad Fallon
Georgia Bar No. 226335
1000 Parkwood Circle SE, Suite 950
Atlanta, Georgia 30339
678.882.0830 | Fax 678.669.1518
bfallon@thriftlegal.com

*Counsel for Defendant Critical Financing Inc.*

**CERTIFICATE OF SERVICE**

I certify that on this day, I electronically filed the foregoing *Defendant's Answer to Plaintiff's Complaint* via the Court's CM/ECF system, which will automatically send email notice of such filing and a link to access the document to all parties entitled to receive notice.

I further certify that on this day I served the foregoing answer and defenses via United States first-class mail with adequate postage prepaid to the following:

Che Fluellen
3376 Estes Dr
Atlanta, GA 30349
*Plaintiff*

Dated: May 4, 2026

**THRIFT MCLEMORE**

*/s/ Brad Fallon*

Brad Fallon
Georgia Bar No. 226335
1000 Parkwood Circle SE, Suite 950
Atlanta, Georgia 30339
678.882.0830 | Fax 678.669.1518
bfallon@thriftlegal.com
*Counsel for Defendant Critical Financing Inc.*